## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **MELANIE LOGSDON,**<br><br>　　　　　**Plaintiff,**<br><br>**v.**<br><br>**THE HARTFORD aka Benefits Management Services, and BB&T CORPORATION,**<br><br>　　　　　**Defendants.** | **Case No.** ___3:19-CV-869-RGJ___ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Hartford Life and Accident Insurance Company, the defendant improperly named as "The Hartford," ("Hartford") and BB&T Corporation ("BB&T") (collectively, "Defendants") hereby jointly file this Notice of Removal of this case from the Circuit Court of Jefferson County, Kentucky, Case No. 19-CI-06922, where it is currently pending, to the United States District Court for the Western District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claim against Defendants invokes the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001

*et seq*. Defendants respectfully show the Court as follows:

1.      Plaintiff Melanie Logsdon instituted a civil action against Defendants in the Circuit Court of Jefferson County, Kentucky, on November 4, 2019. A true and correct copy of the Complaint, which is all of the pleadings, process, and orders received by Defendants in the Circuit Court action, is attached hereto as Exhibit A.

2.      This Notice of Removal is filed, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), within thirty (30) days after the filing of the Complaint and, therefore, receipt by Defendants of the initial pleading on which the aforesaid action is based.

3.      This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4.      The United States District Court for the Western District of Kentucky is the federal judicial district embracing the Circuit Court of Jefferson County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(b) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5.      Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States."
Further, the ERISA jurisdiction provision provides for concurrent jurisdiction to
the state and federal courts over participant's claims under 29 U.S.C.
§ 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other
ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state
court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

6.     In her Complaint, Plaintiff alleges that she is covered under an
ERISA-governed disability-insurance plan offered by her employer, BB&T, and
administered by Hartford. *See* Exhibit A at 3 (¶¶ 4-8). Based upon an alleged
termination of her benefits, Plaintiff asserts a count for violations of ERISA against
each defendant. *See* Exhibit A at 3 (¶ 11), 5 (¶¶ 23-26). Plaintiff seeks "disability
benefits due to her, calculated from the date benefits were ceased until the present,
with interest to the extent permitted by law," "attorney's fees and expenses that
Plaintiff has incurred for enforcing her contractual rights as well as her ERISA
rights," "any and all equitable relief Plaintiff is entitled to under common law
contract theory, tort, or under ERISA, including Defendants' assistance in
remedying any damage its termination of benefits has caused respecting Plaintiff's
credit history," costs, and "any and all relief to which Plaintiff may be entitled
under any legal claim, whether it be pursuant to a contract claim, state based
statutory claims, federal ERISA based claims, or other claims that may arise once

discovery is complete." Exhibit A at 5 ("Wherefore" paragraph).

7.      Because Plaintiff expressly asserts federal causes of action under ERISA, *see* Exhibit A at 5 (¶¶ 23-26), and even alleges the state court's jurisdiction under 29 U.S.C. § 1132(e), *see* Exhibit A at 3 (¶ 5), this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f).  Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## MISCELLANEOUS

8.      A copy of this Notice of Removal is being filed with the Circuit Court of Jefferson County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

9.      Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

10.      This Notice of Removal is filed within thirty (30) days after receipt by Defendants of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

11.      The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12.      The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of

Kentucky.

13. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Hartford Life and Accident Insurance Company and BB&T Corporation, by and through their undersigned counsel, pray that the above action currently pending against it in the Circuit Court of Jefferson County, Kentucky, be removed to this Court.

Respectfully submitted this 26th day of November 2019.

> */s/ William B. Wahlheim, Jr.*
> William B. Wahlheim, Jr.
> Attorney for Defendants
> [application for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 26th day of November 2019:

Robert A. Florio
1500 Story Ave.
Louisville, KY 40206
Counsel for Plaintiff

*/s/ William B. Wahlheim, Jr.*
OF COUNSEL

6