# Exhibit A
# State-Court Documents

| | | |
|---|---|---|
| NO. **19CI06922** | | JEFFERSON CIRCUIT COURT<br>DIVISION _____ |
| MELANIE LOGSDON | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | ) COMPLAINT | |
| | ) | |
| THE HARTFORD<br>One Hartford Plaza<br>Hartford, CT 06155 | )<br>)<br>) | |
| | ) | DEFENDANT |
| SERVE:<br>SECRETARY OF STATE | )<br>) | |
| Aka | ) | |
| Benefits Management Services<br>Maitland Claim Office<br>PO Box 14306<br>LEXINGTON KY 40512-4306 | )<br>)<br>)<br>) | |
| SERVE:<br>ANY OFFICER OR AGENT | )<br>) | |
| -and- | ) | |
| BB & T CORPORATION<br>200 W SECOND STREET<br>WINSTON SALEM, NC 27101 | )<br>)<br>) | |
| SERVE:<br>SECRETARY OF STATE | )<br>) | |

\*\*\*       \*\*\*       \*\*\*

Comes the Plaintiff, MELANIE LOGSDON, by counsel, and for her cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
2. Defendant, The Hartford, (hereinafter "carrier" or "Defendant" or " Hartford" ) is a corporation doing business in the Commonwealth of Kentucky.
3. Defendant BB & T Corporation (hereinafter "BB & T") is a corporation doing business in the Commonwealth of Kentucky, and at all relevant times the Plaintiff's employer and provider of certain employment related welfare benefits.
4. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.
5. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

6. Plaintiff was a full-time employee of BB & T ("employer") for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as, policy number GLT 674861, Claim #9004647109.
7. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term disability plan ( respectively "STD" and "LTD and"plan") offered by employer.
8. At all times relevant to this Complaint, the plan was administered by Hartford and at all relevant times Hartford remained the so called "plan administrator".
9. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
10. During the appeal process Hartford compelled the Plaintiff to apply for Social Security Disability Benefits ("SSDI").
11. Plaintiff then applied for and was approved Short Term Disability benefits ("STD") by Hartford. Plaintiff then applied for LTD and was paid for a number of years. Subsequently Hartford re-reviewed the file and terminated LTD benefits. There is no evidence the Plaintiff's medical condition improved from the time the Plaintiff was receiving benefits until the time Hartford terminated benefices.
12. Hartford's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Hartford fails to offer a rational basis as to why it does

not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

13. Hartford's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of her disability. Hartford refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Hartford's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Hartford is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

16. Since Hartford compelled Plaintiff to apply for SSDI benefits it is bound to the review the decision of the SSA even if said decision is outside of the administrative review time period.

17. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

18. Defendant Hartford's conclusions that Plaintiff is not totally disabled, and/or does not suffer from medically documented restrictions and limitations that prevent full time employment, was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

19. At all relevant times Hartford was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

20. Defendant cannot ignored the finding of SSA without adequate explanation in its decision and thusly violated of sixth circuit jurisprudence. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

21. During her course of employment Defendant BB & T had offered certain insurance benefits (eg. Life insurance) related to her employment even during the time Hartford was paying LTD benefits. After Hartford terminated benefits Defendant BB & T also terminated the insurance benefits related to her employment with same.

22. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
## HARTFORD DENIAL IS IN VIOLATION OF ERISA STATUTE

23. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.
24. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.
25. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the contract of wage replacement insurance.

## COURT 2
## BB & T DENIAL IS IN VIOLATION OF ERISA STATUTE

26. Although BB & T did not issue a disability determination it did in fact rely on an arbitrary and capricious decision issued by Hartford thus, in its own right, violating the ERISA statute.

WHEREFORE the Plaintiff prays as follows:
1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
1. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;
2. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;
3. For any other attorney fees and costs expended in connection with the unlawful denial of benefits;
4. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 STORY AVE.
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228